**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> MARK STEVEN ELK SHOULDER, <br><br> Defendant-Appellant. | Nos.  18-30008 <br> 18-30251 <br><br> D.C. No. 1:17-cr-00040-SPW-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted December 11, 2019[**]

Before:     WALLACE, CANBY, and TASHIMA, Circuit Judges.

In these companion appeals, Mark Steven Elk Shoulder appeals the district

court's order denying his motion to dismiss his indictment for failing to register as

a sex offender in violation of the Sex Offender Registration and Notification Act

("SORNA"), 18 U.S.C. § 2250(a), and the judgment revoking his supervised

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Elk Shoulder's argument that SORNA violates the nondelegation doctrine is foreclosed by a Supreme Court decision decided after his opening briefs were filed. *See Gundy v. United States*, 139 S. Ct. 2116, 2129 (2019) (Congress did not make an impermissible delegation when it instructed the Attorney General to apply SORNA's registration requirements to pre-Act offenders).  As Elk Shoulder concedes, his remaining arguments are also foreclosed.  *See United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1129-32 (9th Cir. 2014) (Congress had the authority to enact SORNA under the Commerce Clause); *United States v. Elk Shoulder*, 738 F.3d 948, 953-54 (9th Cir. 2013) (application of SORNA to pre-Act offenders does not violate the Ex Post Facto Clause); *Elk Shoulder*, 738 F.3d at 955-58 (application of SORNA to pre-Act offenders is not unconstitutional because they were subject to the requirements of the Wetterling Act before SORNA was enacted and, therefore, their release from federal custody was not unconditional).  Elk Shoulder argues that *Cabrera-Gutierrez* and *Elk Shoulder* were wrongly decided, but as a three-judge panel, we are bound by those decisions. *See United States v. Herrera-Rivera*, 832 F.3d 1166, 1175 (9th Cir. 2016).

**AFFIRMED.**